UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SALOMON ALONSO LOPEZ,                                        Case No. 22-10477-t7

    Debtor.

## OPINION

Before the Court is Debtor's motion for a summary judgment sustaining his objection to PNC Bank, N.A.'s secured proof of claim. The claim is for amounts due under a promissory note secured by a first mortgage on Debtor's house. Prepetition, PNC obtained a final, nonappealable judgment foreclosing the mortgage and ordering the house sold, with the sales proceeds to be applied to the note balance. This case stayed the foreclosure sale.

In the claim objection, Debtor asserts that PNC lacks standing to enforce the note and mortgage. PNC disagrees on the merits, but also argues that the standing issue was decided by the state court and cannot be revisited in a claim objection.

The Court holds that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction to rule on PNC's standing. Alternatively, preclusive principles prevent Debtor from challenging PNC's standing. Debtor's motion therefore will be denied, and the Court will enter a summary judgment overruling Debtor's claim objection.

A.  Facts.[1]

The Court finds that there is no genuine dispute about the following facts:[2]

On or about February 28, 2005, Debtor and Jessica Torrez ("Torrez") borrowed $123,900 from Commonwealth United Mortgage, a division of National City Bank of Indiana ("Commonwealth"). Debtor signed a promissory note in that amount, payable to the order of Commonwealth ("Note"). To secure payment of the Note, Debtor granted Commonwealth a first mortgage ("Mortgage") on his house at 5426 Punta Alta NW, Albuquerque, NM 87105 ("House").

Debtor and Torrez stopped paying the Note in September 2013. On February 11, 2014, PNC brought the Foreclosure Action.

Torrez did not answer the complaint or appear in the Foreclosure Action. Debtor, however, retained counsel and filed an answer on July 17, 2015. Debtor's first affirmative defense was:

> Plaintiff lacks standing to bring this litigation as it has failed to prove it is in physical possession of the Note endorsed to it or endorsed in blank or that it received the Note with the right to enforce it as required by the UCC; Plaintiff has also failed to prove that it is the holder in due course. Plaintiff is barred from recovery in that Plaintiff is not the contractual party with respect to the transaction.

Debtor's counsel withdrew in 2016 and Debtor was, for a time, pro se. On July 3, 2017, while acting pro se, Debtor filed a motion to dismiss the Foreclosure Action for lack of prosecution. PNC timely responded. It does not appear that the motion was set for hearing.

On July 27, 2017, PNC moved for a default judgment against Torrez.

---

[1] The Court takes judicial notice of the docket in this case and in the state court foreclosure action styled *PNC Bank, N.A. v. Jessica R. Torrez, et al,* no. D-202-CV-2014-01160, pending in the Second Judicial District Court, State of New Mexico (the "Foreclosure Action"). *See, e.g., St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket and of facts that are part of public records).
[2] Some of the Court's findings are in the discussion section of the opinion. They are incorporated by this reference.

On February 9, 2018, PNC filed a motion for summary judgment against Debtor. The motion addressed in some detail Debtor's standing defense. Debtor did not respond. PNC nevertheless filed a reply in support of the summary judgment motion on April 2, 2018.

On April 12, 2018, the state court set a hearing for the summary judgment motion on April 30, 2018, at 9:45 a.m. Debtor attended pro se. Debtor told the state court he was expecting attorney Jason Cline to appear for him. Mr. Cline did not appear.[3] The state court's hearing notes indicate that the motion was granted as to the "principle [sic] and accrued interest owed." The state court gave PNC's counsel two weeks to prepare a form of judgment.

PNC's counsel submitted a proposed form of judgment on or about May 11, 2018. Mr. Cline approved the form, and the state court entered it on May 30, 2018. The judgment included a partial default judgment against Torrez and a partial summary judgment against Debtor. The judgment provides in part:

> PNC's Motion for Summary Judgment against Defendant Salomon Lopez is hereby GRANTED in part (as to liability and as to damages in the amount of unpaid principal and accrued interest) in PNC's favor, and DENIED in part (as to remaining damages alleged).
> Accordingly, judgment is entered against Defendant Lopez in the sum of $136,174.20 (not including additional fees and interest incurred since October 13, 2017) consisting of:
> (i) unpaid principal - $108,115.03; and
> (ii) accrued and unpaid interest - $28,059.17, with interest continuing to accrue at the rate of 6.18% per annum ($18.31 per day) . . .
> The Mortgage . . . is adjudged as the first lien on the Property for the amounts set forth above . . .
> Defendants and any persons claiming by, through or under them are barred and forever foreclosed of all right, interest, or claim in and to the Property, subject only to the one-month right of redemption
> The Property shall be . . . sold . . . and the proceeds of such sale shall be applied in the priority provided in the Mortgage and according to law, and the excess, if any, over the amount due PNC, after inclusion of costs of sale including

---

[3] Later that morning, after the summary judgment hearing was over, Mr. Cline entered his appearance for Debtor.

> special master's fees, shall be distributed according to law and the further order of the Court.
> Upon sale of the Property, the proceeds therefrom be paid to PNC to satisfy the amounts owed under the Note and Mortgage, including but not limited to, the interest due thereon.
> *The affirmative defenses of Defendant Lopez against PNC are hereby dismissed with prejudice.*

(italics added).

PNC then filed a second motion for summary judgment against Debtor, so amounts owed in addition to principal and interest (e.g. advances for property taxes and insurance) would be included in the money judgment against Debtor. Debtor did not respond to the motion. The state court held a hearing on it on October 24, 2019. Mr. Cline attended the hearing on Debtor's behalf. At the hearing, the state court granted the motion and asked PNC's counsel to submit a form of order. It did so. Mr. Cline again approved the form of the order, which the state court entered on November 22, 2019. Debtor did not appeal the judgment.

Debtor filed a motion to set aside the partial and final judgments on June 2, 2022. Five days later, however, Debtor filed this case. Because of the automatic stay, the state court never ruled on Debtor's motion to set aside.

Debtor filed bankruptcy schedules with his petition. He scheduled PNC as an unsecured "open account" creditor, holding a claim that is "contingent, unliquidated, and disputed." Debtor also scheduled the House as unencumbered.

Debtor filed a chapter 13 plan with his petition and schedules. The plan proposes monthly payments of $200 for 60 months. Debtor does not propose to pay the Note or cure the huge arrearage.

PNC filed a proof of claim on August 10, 2022, asserting a claim of $199,089, secured by a first mortgage on the House. PNC calculated the prepetition arrearage at $113,119.

-4-

Debtor objected to the Claim on October 17, 2022, arguing that PNC does not hold the Note and therefore cannot collect it or enforce the Mortgage.[4] Debtor asks that PNC's claim be disallowed entirely. Debtor filed the subject motion for summary judgment on February 20, 2023. It has been fully briefed.

B. <u>Summary Judgment Standards</u>.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P.[5] 56(c); Fed. R. Bankr. P.[6] 7056. "[T]he substantive law [governing the dispute] will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (citing *Anderson*, 477 U.S. at 248).

In ruling on a motion for summary judgment, the Court is required to "view the facts and draw reasonable inferences in the light most favorable to the party opposing the . . . motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

[4] The arguments are identical to those in Debtor's motion, filed in the Foreclosure Action, to set aside the partial and final summary judgments.
[5] Hereafter, a "Rule."
[6] Hereafter, a 'Bankruptcy Rule."

C. Under the *Rooker-Feldman* Doctrine, the Court Lacks Jurisdiction to Rule on PNC's Standing.

The *Rooker-Feldman* doctrine recognizes that only the United States Supreme Court has federal appellate jurisdiction over state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Inferior federal courts lack subject matter jurisdiction over lawsuits brought by "state court losers" seeking to void or overturn adverse state court judgments.

> The *Rooker–Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*GASH Assoc. v. Village of Rosemont, Ill*, 995 F.2d 726, 728 (7th Cir. 1993).

> The '*Rooker–Feldman*' Doctrine bars a lower federal court from conducting a virtual 'review' of a state court judgment for errors in construing federal law or constitutional claims 'inextricably linked' with the state court judgment." *Morrow v. Torrance Bank (In re Morrow),* 189 B.R. 793, 808–09 (Bankr. C.D. Cal. 1995) (footnotes omitted). The state and federal claims need not be identical for the doctrine to apply. "In order to determine whether a claim is 'inextricably intertwined' with a state court claim, the federal court must analyze whether the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir.1997).

*In re Singleton*, 230 B.R. 533, 536-37 (6th Cir. BAP 1999). There are exceptions to the doctrine,[7] none of which apply here.

The state court overruled Debtor's standing defense and held that PNC was entitled to enforce the Note and Mortgage. Despite the ruling, Debtor asks this Court to rule that PNC lacks

---

[7] The doctrine does not apply if the state court judgment was procured by fraud; if the federal court plaintiff was not a party to the state court suit; if the plaintiff had no reasonable opportunity to raise his federal claim in state court; if the state court lacked subject matter jurisdiction, or if a federal statute allows federal court review of the state court decision. *See, e.g., Singleton*, 230 B.R. at 538 (discussing the exceptions).

standing and is *not* entitled to enforce the Note and Mortgage. As the basis for Debtor's claim objection is inextricably intertwined with the state court judgment, the request runs afoul of *Rooker-Feldman*. The Court could not sustain Debtor's claim objection without *de facto* reversing the state court and voiding the foreclosure judgment. If Debtor wants relief from the foreclosure judgment, he must pursue in state court his motion to set it aside.

D.     Claim preclusion.

Alternatively, Debtor's claim objection is barred by claim preclusion.

> Preclusion in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires the federal court to give the judgment the same effect as the rendering state would. *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 105 S. Ct. 13237, 84 L. Ed. 2d 274 (1985).

*GASH Associates*, 995 F.2d at 728.

> "The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]." *In re G & R Mfg. Co.,* 91 B.R. 991, 994 (Bankr. M.D. Fla. 1988).

*In re Besing*, 981 F.2d 1488, 1496 (5th Cir. 1993).

Under New Mexico law, claim preclusion bars relitigation of a claim if: "(1) there was a final judgment in the earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015). "If a lawsuit involves the same transaction as a prior claim, and the other claim preclusion elements are met, a plaintiff is barred from raising those legal theories that he actually raised in the prior action as well as any theories that he could have raised." *Moffat v. Branch*, 138 N.M. 224, 230 (Ct. App. 2005). The precluded party must have had a full and fair opportunity to litigate the claim in the earlier proceeding, which means that the claim reasonably

-7-
Case 22-10477-t13    Doc 90    Filed 06/22/23    Entered 06/22/23 15:41:19 Page 7 of 13

could and should have been brought during the earlier proceeding. *State ex rel. Children, Youth & Families Dep't v. Scott C.*, 365 P.3d 27, 31-32 (N.M. App. 2017).

New Mexico's claim preclusion elements are met here. First, as Debtor admits, the summary judgment entered against Debtor in the Foreclosure Action is a final judgment. It was not appealed. Second, as Debtor also acknowledges, the judgment was on the merits. *See, e.g., Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits"); *Gibson v. U.S.*, 809 F. 3d 807, 811 (5th Cir. 2016) ("summary judgment is a disposition on the merits"); *Robinson v. U.S.*, 683 Fed. App'x. 914, n.1 (11th Cir. 2017) (same); *Wright v. Skipworth*, 13 F.3d 408, at *1 (10th Cir. 1993) (unpublished) (same); *Blanchard v. Whistle*, 2011 WL 832120, at *2, n.5 (W.D. Okla.) (same). Third, Debtor and PNC are parties to both the Foreclosure Action and the claim objection.

Finally, both proceedings involve the same cause of action. In the Foreclosure Action, PNC sued to collect the Note and foreclose the Mortgage. After years of delay (mostly caused by PNC, apparently), the state court granted PNC the requested relief, overruling Debtor's standing argument. Postpetition, PNC filed a proof of claim, seeking to enforce the Note and Mortgage in this chapter 13 case. Debtor objected, again raising the standing defense. For claim preclusion purposes, the causes of action in the two proceedings are the same, i.e., enforcement of the Note and Mortgage.[8]

---

[8] "'Cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata[/claim preclusion] purposes." *Donegal Steel Foundry Co. v. Accurate Products Co.,* 516 F.2d 583, 588 n. 10 (3rd Cir. 1975); *see also U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (quoting *Donegal* and stating that the terms "has been given varied treatment depending upon the facts in each case"); *In re Glenn*, 124 B.R. 195, 199 (Bankr. W.D. Pa. 1991) (citing *Donegal* and *Athlone*).

Claim preclusion often is applied in claim objections. For example, in *In re Kreitzer*, 489 B.R. 698, 708 (Bankr. S.D. Ohio 2013), the court held, on similar facts, that the debtor could not challenge creditor's standing to file a claim, as the standing issue had been determined by the state court in a prepetition foreclosure action and judgment. For other cases, *see In re Lett*, 2021 WL 5702707, at *7 (Bankr. N.D. Ga.) (debtor precluded by previous judgment from challenging creditor's standing to file a claim); *In re Kittery Point Partners, LLC*, 623 B.R. 825, 839 (1st Cir. BAP 2021) (debtor barred from objecting to creditor's claim because the same defense was raised and ruled against in previous state court litigation); *In re Jacobson*, 614 B.R. 321, 327 (Bankr. E.D. Wis. 2020) (same); *In re Hinesley Family Ltd. Partnership No. 1*, 2013 WL 4040756, at *2 (Bankr. D. Mont.) (same); *In re Ellis* 345 B.R. 11, 18 (Bankr. D. Mass. 2006) (same); *In re Mr. Movies, Inc.*, 287 B.R. 178, 185 (Bankr. D. Minn. 2002) (same); *In re Brazelton Cedar Rapids Grp. LC*, 264 B.R. 195, 200 (Bankr. N.D. Iowa 2001) (same); and *In re Glenn*, 124 B.R. at 199 (same).

The Court holds that claim preclusion prevents Debtor from challenging PNC's proof of claim.

E.  **Issue Preclusion**.

Finally, even if the Foreclosure Action dealt with a different subject matter than PNC's claim (it did not), issue preclusion would prevent Debtor from relitigating the standing issue.

> Under New Mexico law, the party seeking to establish collateral estoppel[9] must establish four elements: 1) same parties or privity, 2) subject matter of the two suits are different, 3) the ultimate facts or issues were actually litigated, and 4) the issue was necessarily determined. *Reeves v, Wimberly,* 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct. App. 1988). Then, once those four elements are established, "the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Shovelin v. Central New Mexico Electric Coop, Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)

---

[9] Issue preclusion is also known as collateral estoppel.

(*citing Silva v. State,* 106 N.M. 472, 474, 745 P.2d 380, 382 (1987)). Furthermore, the trial court may refuse to apply the doctrine if it would be inequitable or fundamentally unfair. *In re Duran,* 141 N.M. 793, 799, 161 P.3d 290, 296 (2007); *Reeves,* 107 N.M. at 235, 755 P.2d at 78.

*In re Lovato*, 2007 WL 4371672, at *1 (Bankr. D.N.M.). If the elements of issue preclusion are met the trial court has discretion, based on the equities, whether to apply it.[10]

The elements of issue preclusion are satisfied here. First, the Court assumes *arguendo* that the subject matters of the Foreclosure Action and the claim objection are different. Second, the parties are the same in the two actions. Third, PNC's standing to enforce the Note and Mortgage was necessarily determined in the Foreclosure Action. The state court could not have granted PNC's summary judgment motion without finding that PNC held the Note and Mortgage and was entitled to enforce them.[11]

The final element is whether the standing issue was actually litigated in the Foreclosure Action. Debtor argues that the issue was "never raised." This weak argument must be overruled: PNC asserted its standing implicitly in the complaint, while Debtor's answer overtly disputed PNC's standing. PNC addressed the standing issue in detail in its summary judgment motion. After a hearing, the state court overruled Debtor's standing defense and entered judgment in PNC's favor.

---

[10] "[T]he trial court must consider the countervailing equities including, but not limited to, prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum. . . ." *Silva v. State*, 106 N.M. 472, 476 (S. Ct. 1987); *see also Shovelin*, 115 N.M. 293, 299 (S. Ct. 1993) (whether issue preclusion should be applied is within the trial court's discretion); *Lovato*, 2007 WL 4371672, at *1) (trial court has discretion not to use issue preclusion if it would be unfair).

[11] Summary judgment is treated like a judgment entered after trial for issue preclusion purposes. *See, e.g., National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 910 (6th Cir. 2001) ("[S]ummary judgment is recognized as a final judgment for the purposes of issue preclusion."); *Starlink Logistics Inc. v. ACC, LLC*, 2023 WL 1456179, at *4 (M.D. Tenn.) (same, citing *National Satellite*); and *Lipin v. Wisehart Springs Inn, Inc.*, 843 Fed. App'x 103, 108 (10th Cir. 2021) (summary judgment can be the basis for issue preclusion).

A stronger argument would be that PNC's standing was not "actually litigated" because Debtor did not respond to PNC's summary judgment motion and may not have opposed entry of summary judgment at the April 30, 2018, hearing. Even so, the argument would have to be overruled, as a party cannot avoid an "actually litigated" finding by deciding not to contest entry of summary judgment.

> [Both claim and issue] [p]reclusion is appropriate even if the summary-judgment motion went unopposed; the court still must decide that the moving party has carried the summary-judgment burden, and a party should not be able to salvage a losing position for another day by simply walking away from the summary-judgment proceeding.

18A Wright & Miller, Fed. Prac. & Proc. Juris. § 4444 (3d ed.). For cases in agreement with Wright & Miller's view, *see In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (issue preclusion applied where precluded party litigated for a time but ultimately decided not to contest a motion for summary judgment); *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 508 (Colo. App. 2009) (quoting and agreeing with Wright & Miller); *Maryland Auto. Ins. Fund v. Soffas*, 89 Md. App. 663, 674 (1991) (issue preclusion applies to a summary judgment even if the precluded party did not respond to the summary judgment motion); *see also Jones v. Daimler Trucks North America, Inc.*, 336 So. 3d 622, 629-30 (La. App. 2022) (summary judgment was actually litigated even though at the hearing the losing party states that he did not oppose entry of the judgment).

Here, Debtor was represented by two attorneys. He answered the complaint, asserted a standing defense, and attended the summary judgment hearing. PNC addressed standing at length in its summary judgment motion. At the hearing, the state court overruled the standing defense but denied some of the requested relief. The Foreclosure Action had been pending for more than five years before summary judgment became final. Even after it was final, Debtor moved to set it aside. Under these facts, the Court holds that the standing issue was actually litigated.

The Court also finds that it is fair and equitable to apply issue preclusion to Debtor's claim objection. Debtor had more than five years to defend the Foreclosure Action. He knew about the action, retained counsel, answered the complaint, and attended hearings. He had every opportunity to assert all meritorious defenses. His decision not to respond to the summary judgment motion may or may not have been prudent, but there is nothing unfair in asking Debtor to lie in the bed he has made.

The Court holds, as an alternative to *Rooker-Feldman* and claim preclusion, that under the principles of issue preclusion, Debtor cannot relitigate the standing issue.

F.  Granting Summary Judgment for the Nonmoving Party-Rule 56(f).

Rule 56(f) provides in part:

Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
    (1) grant summary judgment for a nonmovant
. . .

The parties do not dispute the facts recited above, only how the law should be applied to them. The Court finds that *Rooker-Feldman*, claim preclusion, and/or issue preclusion dictate that Debtor's claim objection must be overruled. Summary judgment in PNC's favor on the claim objection therefore is appropriate.

Furthermore, the Court holds that Debtor is not prejudiced by entry of an adverse summary judgment without notice or opportunity to respond. *See, e.g., Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150 (10th Cir. 2017); *Johnson v. Weld County., Colo.*, 594 F.3d 1202, 1214 (10th Cir. 2010) (even if notice is lacking, if the losing party suffered no prejudice, the grant of summary judgment will be affirmed); *Scull v. New Mexico*, 236 F.3d 588, 600-01 (10th Cir. 2000) (a sua sponte grant is not favored, but if lack of notice is not prejudicial, the court will not reverse). Debtor's claim objection fails because of the law, not adverse or disputed facts. More fact-finding

would not change the *Rooker-Feldman*/preclusion analysis. Debtor therefore is not prejudiced by granting PNC summary judgment now. In the interests of a just, speedy, and inexpensive determination of the issues at hand, the Court will grant PNC summary judgment without further notice or supplementation of the record.

Conclusion

Per *Rooker-Feldman*, the Court lacks jurisdiction to hear Debtor's standing challenge to PNC's proof of claim. Alternatively, the challenge to PNC's standing is barred by claim and/or issue preclusion. The Court will enter a separate order granting summary judgment in PNC's favor on the claim objection.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: June 22, 2023
Copies to: Counsel of Record